UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

John Cornelius, et al.,

   Plaintiffs

v.

QC Holdings, LLC,

   Defendant

Case No. 2:22-cv-01372-CDS-DJA

**Order Dismissing Action and Closing Case**

  Plaintiffs John Cornelius and Reinaldo Narvaez initiated this matter in August of 2022. ECF No. 1. In September of 2022, plaintiffs dismissed defendant Clarity Services. ECF No. 9. In November 2022, they dismissed defendant Cash 1, LLC. ECF No. 12. There has been no activity since then. Thus, I ordered plaintiffs to show cause as to why this case should not be dismissed as to the remaining defendant, QC Holdings, LLC, by April 25, 2024. Order, ECF No. 13. Plaintiffs were warned that "[f]ailure to show cause shall be deemed a failure to properly prosecute and the court will dismiss the complaint without prejudice and without further notice." *Id.* at 2. To date, plaintiffs have not responded in any manner whatsoever.

  It is well established that district courts have the authority to dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24.

The first three factors, the public's interest in expeditiously resolving this litigation, the court's interest in managing its docket, and the risk of prejudice to defendants, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, plaintiffs have failed to engage with this case in any way since November 2022. Nor have they responded to the order to show cause. This lack of response indicates that they do not intend to litigate this case diligently or expeditiously. The court can discern no risk of prejudice to QC Holdings given that it failed to respond to the complaint, and plaintiffs failed to move for a clerk's default.

The fourth factor to consider is the public policy favoring disposition of cases on their merits. This factor usually weighs against dismissal, however, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). So, the fourth factor is greatly outweighed.

The fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Such warning was given here. *See* Order, ECF No. 13. Thus, the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal because plaintiffs have abandoned their prosecution of this matter. It is therefore ordered that this case is dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: May 2, 2024

_____
Cristina D. Silva
United States District Judge